UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN A. BIVIANO, SR.,

                Plaintiff,

      -against-                            MEMORANDUM AND ORDER
                                                     09-cv-5541 (JFB)(ARL)

JOEL BRIEMANN and
LORAINE STAMP,

                Defendants.
----------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

      John A. Biviano, Sr. ("plaintiff") filed the instant action *pro se* on December 15, 2009, against the above-captioned defendants alleging "conspac'y to all causes with warrants of such causes." Accompanying plaintiff's complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and, for the reasons discussed below, dismisses the complaint *sua sponte* with prejudice.

## BACKGROUND

      On October 2, 2009, plaintiff filed a handwritten complaint (09-CV-4556) against numerous defendants (including the above-captioned defendants in this action) alleging "harmful & deadly torts," "assaults to commit murder" and "due bodily harm," and requesting "three hundred billion and 17 dollars" as relief. By Memorandum and Order dated November 4, 2009, this Court dismissed the complaint *sua sponte* without prejudice for failure to comply with the

pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. The Court gave plaintiff 30 days to file an amended complaint. The Court further warned plaintiff that failure to comply with the Court's Order would result in dismissal of the case without prejudice for failure to prosecute. Plaintiff did not file an amended complaint. By Order dated December 8, 2009, the Court dismissed plaintiff's complaint *sua sponte* without prejudice for failure to prosecute.

On December 15, 2009, plaintiff filed the instant complaint invoking the Court's jurisdiction pursuant to "just cause with warrants to search & cond'd" and alleging "conspac'y to all causes with warrants of such causes." (Compl. at 1.) The remainder of plaintiff's complaint is a handwritten list of various alleged persons, organizations, torts, and crimes, without any alleged connection between any of the entries on the list. For instance, plaintiff alleges: "3 Take over of foundation of co-founders, which is none," and "14,000 aquitted of rape in state court, when conducted on federal grounds and federal bldgs. 16 years totals at veteran's affairs thru out state of N.Y. Drug traffing. (Over of said names)." (Compl. at 3.) The only reference to the named defendants in the complaint is as follows: "Joel Brieman, Bearman, Beimann, Winestein, Whinstein, Director – SLVR (Interpol)" and "Loraine Stamp – assume Winestein, Biviano, Bonanno, Alberti Veterans Affairs – SLVR (Interpol)." (Compl. at 2.) Plaintiff seeks "justice with all reliefs." (Compl. at 1.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Pleadings are to give "fair notice of what the plaintiff's

claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)).

In *Twombly*, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

550 U.S. at 556 n.3 (quoting *Conley*, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94, 95 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it *sua sponte*. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in *Kittay v. Kornstein*, 230 F.3d

531, 541 (2d Cir. 2000)).

Here, plaintiff's complaint falls far short of giving fair notice of his claim as required under Rule 8(a)(2). The series of scattered allegations, with unintelligible identification of the named defendants, is incomprehensible. Defendants cannot be expected to parse plaintiff's complaint into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations against them. *See, e.g., Mazza v. Caputo*, 05-CV-3546, 2005 WL 2045791, at *1 (E.D.N.Y. Aug. 25, 2005) (dismissing conclusory one-page complaint pursuant to Rule 8).

Although the pleadings of a *pro se* litigant should be liberally construed in his favor, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because plaintiff fails to allege facts to support clear claims against the defendants, the complaint fails to satisfy Rule 8 and cannot be sustained in its present form. Therefore, the Court dismisses the complaint.

In dismissing plaintiff's complaint, the Court has considered whether to dismiss with or without prejudice. However, the Court declines to provide plaintiff with any additional opportunities to re-plead for two reasons.

First, plaintiff has been given ample opportunity to allege a claim and has failed to do so. Given the similarity between the instant complaint and the complaint dismissed under docket number 09-CV-4556, the Court could construe the instant complaint as an amendment to the complaint in the previous action.[1] In any event, whether the Court construes the instant complaint as an amended complaint or a new complaint in a separate action, plaintiff has demonstrated a repeated failure to comply with the requirements of Rule 8, as identified by the

---

[1] For instance, the defendants in the instant action were also defendants in the previous action.

Court in its November 4, 2009 Order (09-CV-4556). Under these circumstances, the Court declines to grant plaintiff yet another opportunity to re-plead. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim") (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead.")).

Second, a court may dismiss without leave to amend when "the substance of the claim pleaded is frivolous on its face." *Salahuddin*, 861 F.2d at 42; *see also Bloom v. United States Government*, 02 Civ. 2352, 2003 U.S. Dist. LEXIS 18087, at *23 (S.D.N.Y. Oct. 7, 2003). "A claim is frivolous when it is vague and incomprehensible, or when it is supported by baseless factual allegations describing fantastic or delusional scenarios." *Bloom*, 2003 U.S. Dist. LEXIS 18087, at *23 (internal citations and quotation omitted). The vague, disjointed, and incomprehensible nature of the instant complaint – which utterly fails to cure the defects in the initial complaint in the earlier-filed action – further supports this Court's decision to dismiss with prejudice. *See Sorenson v. Suffolk County Child Support Enforcement Bureau*, 07-CV-03755 (JFB)(ARL), 2009 WL 580426, at * 8 (E.D.N.Y. Mar. 5, 2009). Thus, under such circumstances, leave to re-plead would be futile.

## CONCLUSION

For the foregoing reasons, the complaint in this action is dismissed with prejudice. The Clerk

of the Court shall enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, thus, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2010
　　　　Central Islip, New York